Hyman, C. J.
This suit is brought by plaintiff to evict his tenants of a house and lot in New Orleans, because, as he alleges, the lease had expired on the 1st September, 1867.
Defendants contend that the lease was renewed for five years from that date, and ask the Court so to decree.
A lease was made by plaintiff to G. Gessely, of the property, for five years from 1st September, 1862.
On the 20fch October, 1862, Gessely sold, by written act, to Lancour & Baron, his stock of goods in the house rented, and also his right and interest to the contract of lease, which he described in the act to be a lease for the term of five years from the 1st of September, 1862, at the *328 rent of forty-five dollars per month, with the privilege of renewing it at the expiration of that time for five years more, on the same terms.
At the foot of the act, plaintiff wrote his consent to the transfer of the lease.
In March, 1863, Baron sold the right of lease to P. Labrousse. Plaintiff gave his written consent thereto on the act of sale by Gessely to Lancour & Baron.
In March, 1864, plaintiff consented to the transfer of the lease from Labrousse to defendant.
Before 1st September, 1867, the time when the lease would have expired without renewal, defendants notified plaintiff that they would renew it for five years as stipulated.
Plaintiff contends that he made no agreement with Gessely by which the right was granted to renew the lease; that he knew not, that in the act of sale by Gessely to Lancour & Baron, the statement was made, that the lease could be renewed; that he consented to the transfer of the lease in the sale, because he supposed that the lease described therein was such as he had agreed to with Gessely, and that his consent was obtained through error-or fraud, and was given through inadvertence.
It may be as plaintiff contends, but, by his written statements, he caused defendants to. believe that the lease was to be renewed at the option of the lessee, and thus believing, they purchased with his consent, the rights to, as they supposed, a contract of lease, which he had before, and at the time of their purchase declared to be his contract.
When one of two innocent persons must suffer loss or inconvenience, it should fall upon him who induced it.
The judgment of the District Gourt was rendered as asked for by defendants.
It is decreed that the judgment be affirmed, the plaintiff, who is appellant, is to pay costs of appeal.